UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BHL BORESIGHT, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GEO-STEERING SOLUTIONS, INC., § <br> GEO-STEERING SOLUTIONS USA, INC., AND § <br> STATOIL GULF SERVICES LLC, § <br> § <br> Defendants. § § § | Civil Action No. _____ <br><br> JURY DEMANDED |

## COMPLAINT

Plaintiff BHL Boresight, Inc. ("Boresight") ("Plaintiff"), for its Complaint against Defendants Geo-Steering Solutions, Inc. ("GSSI Canada"), Geo-Steering Solutions USA, Inc. ("GSSI US") (collectively "GSSI"), and Statoil Gulf Services LLC ("Statoil Gulf") (collectively, the "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a suit for damages and injunctive relief for intentional access to proprietary software without authorization or in excess of authorization under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA") and Title II of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq*, (the "ECPA"); misappropriation of trade secrets under the Texas Uniform Trade Secrets Act; and unjust enrichment and breach of contract under Texas law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) and (b). This Court also has original jurisdiction over this controversy under the CFAA and ECPA. This Court has supplemental jurisdiction over Plaintiff's Texas law claims because they are within the same case or controversy pursuant to 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendants because Defendants are residents of and/or incorporated in this State and/or a foreign corporation conducting business in this State, including in this District. The Defendants' acts occurred in this State, including in this District, and Defendants should anticipate being haled into court in this State.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because this is a civil action involving allegations under federal statutes, Defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## THE PARTIES

4. Plaintiff Boresight is a corporation organized and existing under the laws of the State of Texas. Boresight's principal place of business is 4550 Kinsey Drive, Tyler, Texas 75703-1005.

5. Defendant GSSI Canada is a foreign corporation organized and existing under the laws of Canada that is transacting business in the State of Texas. Defendant GSSI Canada has elected not to appoint a registered agent in the State of Texas, and therefore has appointed the Texas Secretary of State to receive service of process and complaints in the absence of designating a registered agent. GSSI Canada may be served through the Texas Secretary of State, by certified mail, return receipt requested, as follows: Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

6. Defendant GSSI US is a corporation organized and existing under the laws of the State of Delaware. Defendant GSSI US may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendant Statoil Gulf Services LLC is a Texas corporation, with its principal place of business at 2103 City West Blvd., Suite 800, Houston, Texas 77042. Statoil Gulf may be served with process through its registered agent, Corporation Service Company DBA CSC-Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL BACKGROUND

8. Boresight is a geosteering software and consulting company founded by a group of geologists and software engineers. Over a period of years and at considerable time and expense, Boresight created confidential and proprietary geosteering software (the "Software") that it solely and exclusively owns for use with horizontal drilling operations. Over the last ten years, there has been an unprecedented growth in oil and gas production using horizontal drilling techniques, software and equipment. Boresight has been and is at the forefront of that growth through its continued innovation, and is actively involved in geosteering projects on a daily basis in multiple regions across the United States. In 2013 alone, Boresight's Software and/or separate consulting services were involved in over half of all wells drilled in Texas, and more than one-third of all wells drilled in the continental United States. Its Software provides a competitive advantage to Boresight over its competitors, as well as to its licensees for their oil and gas operations.

9. Boresight, as the owner of the Software, enters into license agreements with oil and gas exploration companies. Pursuant to its license agreement, Boresight provides its Software to the licensee and permits the licensee to load the Software onto the licensee's computers. As an additional security feature, Boresight provides its licensees with USB "Bitlock" hardware devices that are physically connected to a single computer to allow access to Boresight's proprietary and encrypted Software. Depending on the number of licenses a licensee

3

requests, Boresight will provide to a licensee one or more Bitlocks that are required for every computer using Boresight's Software.

10. In limited cases, and with advanced notice and prior written agreement, Boresight will permit its licensees to use Boresight's Software with third-party consulting entities. However, Boresight permits this access only after the third-party consultant agrees to be bound to the express terms and conditions of Boresight's third-party user agreement. Boresight does not, and has never, licensed its Software directly to consulting entities that compete in the geosteering space, without extensive use restrictions and conditions. The use restrictions and conditions necessarily include the acknowledgment and protection of Boresight's intellectual property.

11. At all times material hereto, the Defendants did not enter into any agreement with Boresight to allow a third-party consulting company to have access, use and/or manipulate Boresight's Software, nor did the Defendants provide any notice, request and/or seek authorization and/or permission from Boresight for a third-party consulting company to access, use and/or manipulate Boresight's Software.

12. On September 9, 2009, Boresight and Brigham Oil & Gas, L.P. ("Brigham") entered into a license agreement (the "Brigham License Agreement") for Boresight's Software. Thereafter, Statoil Gulf acquired Brigham and became a licensee of Boresight's Software by virtue of Statoil Gulf's acquisition of Brigham.

13. On November 5, 2012, Boresight and Statoil Gul amended the Brigham License Agreement to reflect that Statoil Gulf would be subject to all terms and conditions of the original Brigham License Agreement with Boresight.

14. On June 19, 2013, Boresight as the owner, Statoil Gulf as the licensee, and Neset Consulting Service as a consultant, entered into a Software and Usage Agreement (the "Software

Agreement"). Pursuant to the terms and conditions of the Software Agreement, the parties expressly agreed that it would be an addendum, and subject to, the Brigham License Agreement and the 2012 Statoil Gulf amendment to that Agreement.

15. Pursuant to the express terms of the Brigham License Agreement and Software Agreement, Boresight agreed to make available to Statoil Gulf its proprietary geosteering software and its security USB bitlock hardware as follows:

> Software may be loaded on any computer belonging to COMPANY and/or its AFFILIATES or CONSULTANT though CONSULTANT understands that software will not function in the absence of Bitlock in the individual computer running the software. (Software Agreement at ¶ 2).
>
> OWNER may deliver or permit delivery of BITLOCK and SOFTWARE to CONSULTANT'S place of business. (Software Agreement at ¶. 3).
>
> OWNER agrees that CONSULTANT may use SOFTWARE and BITLOCK at his discretion for the benefit of any client COMPANY and/or its Affiliates to which SOFTWARE and BITLOCK are licensed. However, CONSULTANT agrees that no use of SOFTWARE and BITLOCK will be made for any purpose, business, business entity, or individual except where said entity or individual has executed a separate license agreement with OWNER, and that <u>SOFTWARE and BITLOCK shall not under any circumstances be construed as having been licensed to CONSULTANT</u>. (Software Agreement at ¶. 7) (emphasis added).

16. Regarding third-party consultants, the Brigham License Agreement required that all such consultants sign an agreement directly with Boresight before they could use the Software:

> USER may employee third-party consultants in the application of Software and Bitlock, but only after execution of a separate form of *Consultant's Usage Agreement* between OWNER and third-party consultant. (Brigham License Agreement at ¶ 11).

17. At all times material hereto, Boresight did not and has never had an agreement with GSSI Canada or GSSI US. Further, at no time has GSSI Canada or GSSI US been a CONSULTANT, as identified in any Boresight agreement or license, including the Brigham License Agreement and the Software Agreement.

5

18. At all times material hereto, Statoil Gulf had no right to sub license Boresight's Software to a CONSULTANT, which is a right Boresight expressly retained at its sole discretion and under separate agreement. Further, Boresight had expressly limited Statoil Gulf's right of access to Boresight's Software. Any use beyond the express terms and conditions of any sub license agreement was automatically void and without any authority.

19. Plaintiff Boresight is also the sole owner of confidential and proprietary information that constitutes trade secrets under the Texas Uniform Trade Secrets Act. Tex. Civ. Prac. & Rem. Code, §134A, *et. seq.* Boresight created, authored and/or developed its trade secrets based on years of research and development. Boresight's trade secrets were not generally known or readily accessible to the general public or to Boresight's competitors, including but not limited to, GSSI Canada and GSSI US. Boresight's treatment and characterization of its trade secrets were documented in the Brigham License Agreement and the Software Agreement with Statoil Gulf.

20. Moreover, at all times material hereto, Boresight's proprietary Software was both designated and protected as confidential by Boresight's treatment and course of conduct, including its internal policies and procedures. More importantly, in addition to its policies and procedures, Boresight's Software is only accessible by and through the use of the bitlock hardware, without which Boresight's Software is not accessible by a licensee, consultant and/or third party. In addition to the software and hardware protections that Boresight incorporated to restrict access to its Software, Boresight provides an electronic reminder to the licensed user that that Boresight's Software is subject to copyright protection.

21. Boresight recently discovered that Defendants are unfairly competing and accessing and using Plaintiff's trade secrets and proprietary information. Specifically, Boresight learned that Defendant Statoil Gulf provided Boresight's bitlocks to Statoil Gulf's new

consultants, GSSI Canada and GSSI US, to access Boresight's confidential and proprietary Software, without notice and/or Boresight's written authorization and/or permission.

22. On information and belief, GSSI Canada and GSSI US, by and through the bitlocks provided by Statoil Gulf, have had unrestricted and unauthorized access, manipulation and/or use of Boresight's Software for an undetermined period of time.

23. GSSI Canada and GSSI US are new entrants in, and direct competitors to Boresight, in the geosteering software space. On information and belief, GSSI Canada and GSSI US attempted to develop their own geosteering software program, but their attempts were unsuccessful in the marketplace and they withdrew their geosteering offering from the oil and gas industry. The GSSI Defendants' past attempts to develop competing software occurred prior to GSSI Canada and GSSI US obtaining access to Boresight's proprietary and confidential Software.

24. On information and belief, GSSI Canada's and GSSI US' unrestricted and unauthorized access of Boresight's Software has allowed the GSSI Defendants to create their own geosteering software, which they are now actively using to compete with Boresight.

25. On or about September 2014, Boresight discovered GSSI Canada's and GSSI US' illegal access to Boresight's Software by and through the use of one or more of Boresight's bitlock devices. When Boresight confronted Statoil Gulf, Statoil Gulf personnel informed Boresight that both GSSI Canada and GSSI US were in possession of Boresight's bitlocks. Boresight had expressly licensed use of the bitlocks only for Statoil Gulf's use and benefit.

26. At all times material hereto, GSSI Canada's and GSSI US' illegal and unauthorized access and use of Boresight's Software and bitlocks was a breach by Statoil Gulf of both the Brigham License Agreement and the Software Agreement. Statoil Gulf's breach automatically voided and/or vitiated Statoil Gulf's rights as a licensee of Boresight.

27. Upon information and belief, GSSI Canada's and GSSI US' illegal access and use of Boresight's Software and bitlocks was to allow GSSI Canada and GSSI US to develop their own competitive geosteering software.

## COUNT I
## Claim Against Statoil Gulf for
## Violations of the Computer Fraud and Abuse Act

28. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 27 as if set forth fully herein.

29. Boresight's Software and trade secrets reside, among other places, on computers and the computer network (including computers and servers) that Statoil Gulf used. Such computer and computer networks are used in or affect interstate and foreign commerce and communication and are therefore a "protected computer" under 18 U.S.C. § 1030(e)(2).

30. On or before April 2013 and as recently as October 2014, Statoil Gulf acted without authorization and exceeded the authorized access to Boresight's Software permitted by its License Agreement with Boresight. Without notice and Boresight's prior written authorization, Statoil Gulf provided and/or permitted access to Boresight's confidential and proprietary Software and bitlocks to GSSI Canada and GSSI US in violation of Statoil Gulf's License Agreement with Boresight.

31. Through this deployment of Boresight's Software and bitlocks, Defendants GSSI Canada and GSSI US – unlicensed, third-party direct competitors of Boresight - obtained information that is confidential, proprietary, and provides a competitive advantage to, Boresight.

32. Defendant Statoil Gulf knowingly and with intent to defraud, accessed and continue to access the above-described protected Software and computers without Boresight's authorization or in excess of any authorization, and by means of such conduct have furthered and

are furthering the intended fraud, and have thereby obtained something of value exceeding $5,000 in a single calendar year.

33. As a result of this unauthorized access, Boresight has suffered a loss, consisting of, at least, reduced business, harm to its goodwill, and loss of licensing fees associated with the use of Boresight's Software.

34. Through these actions, Defendant Statoil Gulf violated 18 U.S.C. § 1030(a)(2) and (a)(4).

35. Defendant Statoil Gulf knowingly, and with an intent to defraud, and in a manner that affects interstate commerce, trafficked in passcodes and access codes by transmitting bitlocks through which Boresight's Software could be accessed without notice and Boresight's prior written authorization.

36. Through these actions, Defendant Statoil Gulf violated 18 U.S.C. § 1030(a)(6).

## COUNT II
### Claim Against GSSI Canada and GSSI US for Violations of the Computer Fraud and Abuse Act

37. Boresight repeats and realleges the allegations contained in the foregoing paragraphs 1 through 36 as if fully set forth herein.

38. Boresight's Software and trade secrets reside, among other places, on computers and the computer network (including computers and servers) that Defendants GSSI Canada and GSSI US used. Such computer and computer networks are used in or affect interstate and foreign commerce and communication and are therefore a "protected computer" under 18 U.S.C. § 1030(e)(2).

39. On information and belief, Boresight's Software resides or has resided on computers and/or the computer network (including computers and servers) of GSSI Canada, GSSI US and/or Statoil Gulf. Such computer and computer networks are used in or affect

9

interstate and foreign commerce, are located both in and outside of the United States, are used in a manner that affects interstate or foreign commerce or communication in the United States, and are therefore a "protected computer" under 18 U.S.C. § 1030(e)(2).

40. On or before April 2013 and as recently as October 2014, GSSI Canada and GSSI US intentionally accessed without authorization Boresight's Software, through their unauthorized use of bitlocks, when the GSSI Defendants had no license or software agreement in place with Boresight. GSSI Canada and GSSI US accessed Boresight's Software through Statoil's computer network and/or through GSSI Canada's and/or GSSI US' computer network.

41. In so accessing Boresight's Software and bitlocks, Defendants GSSI Canada and GSSI US bypassed restrictions and notifications regarding the proprietary nature of Boresight's Software and use by authorized users only.

42. Through this unauthorized access to, and use of, Boresight's Software and bitlocks, GSSI Canada and GSSI US obtained information that is confidential, proprietary, and highly valuable to Boresight, including but not limited to, access to Boresight's Software. GSSI Canada and GSSI US obtained this unauthorized access while they were simultaneously attempting to create and develop geosteering software that could compete with Boresight's Software.

43. GSSI Canada and GSSI US have knowingly and with intent to defraud, accessed and continue to access the above-described protected computers without Boresight's prior written authorization or in excess of any authorization, by means of such conduct have furthered and are furthering their intended fraud, and have thereby obtained something of value exceeding $5,000 in a single calendar year.

44. As a result of this unauthorized access, Boresight has suffered a loss, consisting of reduced business, harm to its goodwill, and loss of licensing fees associated with the use of Boresight's Software.

45. Through these actions, GSSI Canada and GSSI US violated 18 U.S.C. § 1030(a)(2) and (a)(4).

46. GSSI Canada and GSSI US knowingly, and with an intent to defraud, and in a manner that affects interstate commerce, trafficked in passcodes and access codes by transmitting bitlocks through which Boresight's Software may be accessed without Boresight's prior written authorization.

47. Through these actions, GSSI Canada and GSSI US violated 18 U.S.C. § 1030(a)(6).

## COUNT III
## Claim Against GSSI, GSSI US and Statoil Gulf for Violations of Title II of the Electronic Communications Privacy Act

48. Boresight repeats and realleges the allegations contained in the foregoing paragraphs 1 through 47 as if fully set forth herein.

49. Defendants GSSI Canada, GSSI US, and Statoil Gulf intentionally accessed, without Boresight's authorization, or by intentionally exceeding an authorization to access, the passcode-protected Software through the unauthorized use of Boresight's bitlocks; obtained access to electronic communications while such communication were in electronic storage in that database; disclosed such communications to third parties not authorized to receive them; and conspired, encouraged, aided, abetted, and participated in, efforts to do so.

50. Through these actions, Defendants GSSI, GSSI US, and Statoil Gulf violated Title II of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et. seq.*

51. Boresight has been irreparably damaged by Defendants GSSI Canada's, GSSI US', and Statoil Gulf's violations of Title II of the Electronic Communications Privacy Act, and is entitled to damages, injunctive relief, and attorneys' fees and costs pursuant to 18 U.S.C. § 2707.

### COUNT IV
### Claim Against GSSI Canada and GSSI US for
### Misappropriation of Trade Secrets Under Texas Uniform Trade Secrets Act

52. Boresight repeats and realleges the allegations contained in paragraphs 1 through 51, as if fully set forth herein.

53. Boresight's Software is a trade secret that Boresight owns exclusively and that Boresight developed over the course of years and at considerable time, resources, and expense.

54. At all relevant times, Boresight made efforts that are reasonable under the circumstances to maintain the secrecy of its Software, including requiring a party to enter into an agreement with Boresight that strictly governed that party's access to, and use of, Boresight's Software prior to Boresight disclosing it; restricting the use of Boresight's Software so that it functions only with the use of Boresight's secure bitlocks; requiring every user of Boresight Software, including third-party consulting entities, to sign restricted use and confidentiality agreements; and advising all licensed users of Boresight's restrictions to the Software upon start-up and log-in to the Software.

55. Under the express terms of the License Agreement, Defendant Statoil Gulf had limited authority to access and use Boresight's Software through the bitlocks Boresight provided to Statoil Gulf.

56. At all times relevant to this litigation, Boresight did not authorize GSSI Canada and GSSI US to use the bitlocks Boresight provided to Statoil Gulf under the License Agreement to access Boresight's Software.

12

57. Boresight's proprietary Software is an item of independent economic value. The Software's value is derived from it not being generally known to, and not being readily ascertainable or available to, third parties who can obtain economic value from the disclosure or use of Boresight's Software.

58. Without Boresight's authorization, Defendants GSSI Canada and GSSI US misappropriated Boresight's proprietary Software and accessed it without Boresight's authorization for their own benefit. The GSSI Defendants' misappropriation was willful, without legal justification, and without notice and Boresight's written authorization and/or consent.

59. As a direct and proximate result of GSSI Canada's and GSSI US' misappropriation of Boresight's trade secrets, Boresight has sustained and will sustain substantial damages and has been and will continue to be harmed, including through GSSI Canada's and GSSI US' unauthorized and unlicensed use of Boresight's Software for which GSSI Canada and GSSI US have paid no licensing fees and through GSSI Canada's and GSSI US' ability to unfairly compete with Boresight in developing and offering similar geosteering software.

## COUNT V
### Claim Against GSSI, GSSI US, and Statoil Gulf for Unjust Enrichment

60. Boresight repeats and realleges the allegations contained in paragraphs 1 through 59, as if fully set forth herein.

61. Defendants GSSI Canada, GSSI US, and Statoil Gulf derived benefits, including commercial advantage and private financial gain, from their unauthorized use of Boresight's proprietary Software.

62. Defendants GSSI Canada, GSSI US, and Statoil Gulf were on notice and/or fully aware that Boresight was the sole owner, creator, and source of the Software that they accessed through Boresight's secure bitlocks.

13

63. Defendant Statoil Gulf obtained the benefit of its consultants GSSI Canada and GSSI US using Boresight's Software without Boresight's notice, authorization and/or permission.

64. On information and belief, Defendants GSSI Canada and GSSI US, accepted and retained the benefit of accessing Boresight's Software to develop their own competing software, after their previous attempts had proven commercially unsuccessful.

## COUNT VI
### Breach of Contract Against Statoil Gulf

65. Boresight repeats and realleges the allegations contained in paragraphs 1 through 64, as if fully set forth herein.

66. Boresight and Defendant Statoil Gulf entered into a License Agreement and Software Agreement, which included the above-referenced provisions.

67. At all times material hereto, Boresight complied with the terms and conditions and its obligations set forth in the License Agreement and Software License Agreement.

68. Pleading alternatively, and by virtue of the foregoing, Defendant Statoil Gulf failed to perform or comply with its obligations under the License Agreement and Software License Agreement and has breached and continues to breach the same as:

   a. Statoil Gulf has failed to use its best efforts to carefully and continuously protect the confidentiality of Boresight's trade secrets and has released or disclosed them to third parties;

   b. Statoil Gulf surreptitiously provided Boresight's bitlocks and Software for its own purposes and gain to GSSI Canada and GSSI US;

   c. Statoil Gulf actively assisted GSSI Canada and GSSI US to develop a competing geosteering software by and through their use of Boresight's Software.

69. By virtue of the foregoing and as a direct and proximate result of Statoil Gulf's breach, Boresight has been damaged in an amount to be determined at trial. In addition, Boresight has incurred and will continue to incur additional damages, costs, and expenses, as well as attorneys' fees.

70. By virtue of its conduct, Defendant Statoil Gulf has caused and will continue to cause immediate and irreparable harm to Boresight for which there is no adequate remedy at law.

## COUNT VII
## CIVIL THEFT BY GSSI CANADA AND GSSI US

71. Boresight repeats and realleges the allegations contained in paragraphs 1 through 70, as if fully set forth herein.

72. Pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 134.000 *et. seq.*, Defendants GSSI Canada and GSSI US are liable for civil theft, as they unlawfully appropriated with the intent to deprive Boresight of its intellectual property.

73. Boresight is the sole creator and owner of the Software.

74. At all times material hereto, Defendant GSSI Canada's and GSSI US' misappropriation of Boresight's intellectual property was unlawful as it was without Boresight's notice, authorization and/or consent.

75. As a proximate and/or producing result of Defendants' theft, Boresight continues to be injured and damaged.

76. The foregoing acts of Defendants GSSI Canada and GSSI US have caused irreparable harm to Boresight.  Unless enjoined, Defendants' acts as alleged herein will continue to cause irreparable harm to Boresight.

## COUNT VIII
## CIVIL CONSPIRACY

77. Boresight repeats and realleges the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78. At all times material hereto, Defendants acted together for the unlawful purpose of misappropriating Boresight's intellectual property.

79. Defendants had a meeting of the minds to exploit Boresight's intellectual property, while transferring the bitlocks to provide unauthorized access to Boresight's Software for the express purpose of directly competing with Boresight, and in wrongfully using Boresight's intellectual property for GSSI Canada's and GSSI US' use and benefit to create a competing geosteering software.

80. Defendants committed one or more of the above acts in violation of various license agreements, the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act and the common law of the State of Texas, which proximately caused injuries and damage to Boresight.

## ATTORNEYS' FEES

81. Pursuant to Tex. Civ. Prac. & Rem. Code, § 38.001, Boresight is entitled to its attorneys' fees against Defendant Statoil Gulf based on its breach of contract.

## JURY DEMAND

82. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered in its favor against the Defendants, as follows:

  a. A preliminary injunction and permanent injunction enjoining and restraining all Defendants, their employees, representatives, agents, and all persons or entities acting in concert with them during the pendency of this action from copying, reproducing, preparing derivative works based on, distributing copies to the public, and/or publicly displaying Boresight's Software and all other tangible items that accompany a license from Boresight, including user manuals, instructions and any other electronic and/or written proprietary content.

  b. An order requiring Defendants to destroy all of Boresight's Software and bitlocks that Defendants have accessed without Boresight's authorization or in excess of Boresight's authorization and prohibiting any future use of the same for any purpose;

  c. An order requiring Defendants to destroy any competing geosteering software derived from Defendants' access to Boresight's Software;

d.  Defendants be ordered to pay costs, including reasonable attorneys' fees; and

e.  For such other relief as the Court deems just and equitable.

Dated: March 10, 2015

                                      Respectfully submitted,

                                      /s/ Lisa H. Meyerhoff
                                      Lisa H. Meyerhoff
                                      Texas Bar No. 14000255
                                      S.D. Admissions No. 18693
                                      Email: Lisa.Meyerhoff@bakermckenzie.com
                                      BAKER & MCKENZIE LLP
                                      700 Louisiana, Suite 3000
                                      Houston, Texas 77002
                                      Phone: 713 427 5000
                                      Fax:  713 427 5099

                                      ATTORNEYS FOR PLAINTIFF
                                      BHL BORESIGHT, INC.

OF COUNSEL:

Myall S. Hawkins
Texas Bar No. 09250320
S.D. Admission No. 7845
Myall.Hawkins@bakermckenzie.com
BAKER & McKENZIE LLP
700 Louisiana, Ste. 3000
Houston, Texas 77002
Phone: 713 427 5000
Fax:  713 427 5099