UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BHL BORESIGHT, INC., *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-00627 |
| GEO-STEERING SOLUTIONS, INC., *et al*, | § § § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Plaintiff BHL Boresight, Inc.'s ("Boresight") Ex Parte Motion for Protection ("Ex Parte Motion"). (Doc. 210.) In response, Geo-Steering Solutions, Inc. and Geo-Steering Solutions USA, Inc. ("Geo-Steering") and Statoil Gulf Services LLC ("Statoil") (collectively, "Defendants") each filed emergency motions requesting service or notice of the ex parte communication. (Docs. 212, 214.) In their motions, Defendants request that the Court provide them with a copy of Plaintiff's Ex Parte Motion. (Docs. 212 at 2, 214 at 2.) In the alternative, Defendants ask the Court to generally describe the motion, identify the statue, law, or order that Boresight relies on as authority to file its motion, and explain the full basis for which Boresight believes it is authorized to file its ex parte communication so that Defendants may seek appropriate relief. (Docs. 212 at 2, 214 at 2.) Geo-Steering also requests that they be afforded an opportunity to appear and be heard on any relief sought by Boresight before such relief is granted. (Doc. 212 at 2.) Having considered the motions, the Court is of the opinion that Boresights's Ex Parte Motion should be granted and Defendants motions—to the extent they request disclosure of anything further than what is discussed below—should be denied.

On August 2, 2016, the Geo-Steering Defendants served their Fourth Set of Interrogatories to Boresight. Interrogatory 20 requests the following information:

INTERROGATORY NO. 20:

Please identify all details concerning any of Boresight's efforts to encourage the pursuit of criminal charges in any jurisdiction against Geo-Steering Solutions, Inc., Geo-Steering Solutions USA, Inc., Pleasant Solutions, Inc., Darrell Joy, Neil Tice, Byron Molloy, and/or Alfonso Zaza.

(Doc. 210.) Boresight requests that the Court relieve it from answering the above interrogatory on the grounds that it is not proportional to the needs of the case, and would require the disclosure of information subject to an investigation privilege. (*Id.*)

Rule 26 provides that "unless otherwise limited by a court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Because this is a civil case, the Court agrees with Plaintiff that Geo-Steering's request is not proportional to the needs of the case. For the same reason, the Court is of the opinion that Geo-Steering's request has no relevance to the case. Finally, were information to exist regarding ongoing criminal investigations of the Defendants, it would be subject to the investigation privilege. As a result, the Court is required to limit the extent of discovery into such matters. *See* Fed. R. Civ. P. 26(b)(2)(c)(iii) ("[T]he court must limit the . . . extent of discovery otherwise allowed . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).").

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff's Ex Parte Motion (Doc. 210) is **GRANTED**; Plaintiff is not required to answer Interrogatory No. 20 and Defendants' emergency motions (Docs. 212, 214) are **DENIED**.

SIGNED at Houston, Texas, this 21st day of September, 2016.

                                              MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE