United States District Court
Southern District of Texas
**ENTERED**
March 30, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BHL BORESIGHT, INC., *et al*, § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-00627 |
| § | |
| GEO-STEERING SOLUTIONS, INC., *et al*, § § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause is Defendants Geo-Steering Solutions, Inc. and Geo-Steering Solutions USA, Inc.'s (collectively, "GSSI") Motion for Reconsideration of Order. Doc. 150. Having considered the Motion, Response, Reply, and the law, the Court grants GSSI's Motion and modifies its prior Opinion and Order as follows.

### I.  Background

The facts of this case are recited extensively in this Court's prior Opinion and Order and will not be repeated at length here. The crux of the parties' dispute is whether GSSI—one of BHL's direct competitors in the oil and gas exploration industry—developed its geosteering software using BHL's software. *See* Docs. 1, 19. Believing that it did, BHL first sent a warning letter to GSSI threatening legal action for its alleged violations of BHL's intellectual property rights. Doc. 19-8. When GSSI failed to respond, BHL initiated this suit. *See* Doc. 1.

In its Original Complaint, BHL cites 28 U.S.C. § 1338[1] as grounds for this Court's jurisdiction. *Id.* ¶ 1. BHL's Complaint also notes that the software GSSI allegedly misappropriated provides an electronic reminder to the licensed user that "Boresight's Software is

---

[1] 28 U.S.C. § 1338 grants United States district courts original jurisdiction of cases relating to "patents, plant variety protection, copyrights and trademarks."

subject to copyright protection," and argues that it is the sole owner of the software and trade secrets at issue. Id. ¶¶ 20, 62. GSSI responded by asserting eight counterclaims against BHL, including three requests for copyright non-infringement declarations. Doc. 19 at ¶¶ 10–36.

On July 6, 2015, BHL filed its Motion to Dismiss. Doc. 27. In its Motion it argued that the Court lacks subject-matter jurisdiction of GSSI's copyright non-infringement counterclaims because BHL did not assert a copyright claim in its Complaint and there is no "substantial controversy of sufficient immediacy and reality between [the parties] to warrant the Court's jurisdiction over these three counterclaims." Id. at 12.

On March 29, 2016, the Court granted BHL's Motion and dismissed, with prejudice, the three copyright non-infringement claims at issue in the present Motion for Reconsideration. Doc. 140.[2] BHL subsequently filed its proposed First Amended Complaint in which it removed its "inadvertent reference to a copyright statute." Doc. 149-1.

GSSI's Motion for Reconsideration argues that the Court erred in dismissing its declaratory-judgment claims because the Court (1) relied on overruled case law to determine there was no substantive cause of action; and (2) misapplied current precedent to the facts of this case to conclude that the controversy was not sufficiently immediate and real to render it an actual controversy under the Declaratory Judgment Act ("DJA"). Id. After a thorough review of the law, the Court agrees.

---

[2] Specifically, the Court dismissed six of GSSI's eight counterclaims. The following claims were dismissed with prejudice for lack of subject-matter jurisdiction and are the subject of the present Motion: (1) request for declaratory judgment of independent creation of the GSSI software (Count I); (2) request for declaratory judgment that the GSSI software is an original work (Count II); (3) request for declaratory judgment that GSSI did not copy BHL's software in creating GSSI's software (Count III). In contrast, the following state-law claims were dismissed without prejudice for failure to state a claim: (4) GSSI's state antitrust counterclaim (Count VI); (5) GSSI's tortious interference with existing contract counterclaim (Count VII); and (6) GSSI's tortious interference with prospective business relationships counterclaim (Count VIII). Doc. 140 at 52.

## II. Legal Standard

A motion for reconsideration "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydro Chem., Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, it merely serves to allow "a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)). A motion for reconsideration may also be used to bring an intervening change in the controlling law to the court's attention. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Nevertheless, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F. 3d at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

## III. Analysis

In its Motion for Reconsideration, GSSI first directs the Court's attention to *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169 (2010), a decision in which the Supreme Court held that the Copyright Act's "registration requirement is nonjurisdictional." Doc. 150 at 3–6 (quoting *Muchnick*, 559 U.S. at 169 (internal quotation marks omitted)). GSSI also contends that "[a]part from the jurisdictional issue," the Supreme Court has made it clear that a declaratory-judgment defendant does not need to be able to sue the declaratory-judgment plaintiff in order for the plaintiff to file its declaratory judgment suit and for the Court to have jurisdiction over the

matter." *Id.* at 6, 7. (citing *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 132 (2007)).

Because the Court's earlier Order and Opinion was based on pre-*Reed* district court decisions, the Court vacates the portion of its earlier Opinion in which it held that GSSI's declaratory-judgment claims for copyright non-infringement were barred because BHL could not assert a copyright infringement claim against Defendants without proof of copyright registration. *See* Doc. 140 at 9–10.

GSSI next urges that the Court's alternative ground for dismissing its counterclaims—that the controversy between the parties was not immediate and real enough to render it an "actual controversy" under the DJA—is flawed because: (1) BHL had already sued GSSI for misappropriating BHL's software when GSSI counterclaimed for declaratory judgments of copyright non-infringement; (2) BHL threatened legal action against GSSI for copyright infringement before GSSI sought declaratory judgment; and (3) GSSI is engaged in actual manufacture, use, or sale of the GSSI software at issue in this case. Doc. 150 at 8–12. BHL renews its original argument that there is no controversy because GSSI asserts copyright non-infringement counterclaims, but BHL has not brought copyright claims against GSSI. Doc. 167 at 7–9.

In its prior Opinion and Order, the Court did not expressly decide whether there was a copyright controversy. *See* Doc. 140 at 12. Rather, the Court rested its conclusion of non-justiciability on its determination that any controversy between the parties was not immediate and real because "Plaintiff did not bring a copyright infringement claim in this case and very likely may never do so."[3] *Id.* at 13. However, this conclusion was premised on two things: (1) the

---

[3] As the Court stated:

Court's mistaken conclusion that copyright registration was a jurisdictional prerequisite to a copyright-infringement suit; and (2) the fact that it was unclear from the record whether BHL had a registered copyright in the first place. *See id.* at 12–13. Under this logic, it was reasonable for the Court to conclude that that any apprehension of copyright infringement litigation was too remote to support a declaratory-judgment claim.

Before *MedImmune*, the Federal Circuit required a reasonable apprehension of suit and meaningful preparation to conduct potentially infringing activity for declaratory-judgment jurisdiction to arise in an intellectual property[4] case. *Cat Tech LLC v. Tubemaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008) (citations omitted). In *Medimmune*, however, the Supreme Court rejected the "reasonable apprehension of suit" requirement in favor of a totality-of-circumstances approach. *Id.* at 879–80 (citing *MedImmune*, 549 U.S. at 770–77). In this approach, "the issue of whether there has been meaningful preparation to conduct potentially infringing activity remains an important element . . . which must be considered in determining whether a declaratory judgment is appropriate." *Id.* at 880 (citing *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007)). "If a declaratory judgment plaintiff has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met." *Id.* (citing *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990)). "If, by contrast, a party has taken steps such as producing prototypes or samples of the allegedly infringing products, soliciting business from

---

> Nevertheless, even were the Court to conclude that the current litigation and the issue of contested software indicates there is some copyright controversy between the parties, it "is less clear . . . whether the controversy is sufficiently immediate and real to render it an 'actual controversy' under the Declaratory Judgment Act."

Doc. 140 at 12.

[4] A common framework for analysis applies to all patent, copyright, and trademark declaratory judgment suits. *Texas v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989).

and sending advertising to potential customers, or otherwise investing significant funds in preparation to produce the products, the case or controversy requirement is satisfied." *Young v. Vannerson*, 612 F. Supp. 2d 829, 844 (S.D. Tex. 2009) (collecting cases).

Additionally, "[w]hile a declaratory judgment plaintiff is no longer required to demonstrate a reasonable apprehension of suit, such a showing remains sufficient to establish jurisdiction." *Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1358 n.5 (Fed. Cir. 2013) (citations omitted). As the Federal Circuit has held:

> Where a[n intellectual property owner] asserts rights . . . based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Accordingly, post-*Muchnick*, even when a defendant does not pursue an available copyright claim the court has subject-matter jurisdiction over a declaratory-judgment plaintiff's claim for copyright non-infringement as long as there is an actual controversy between the parties over intellectual property. *See Touchpoint Communications, LLC v. Dentalfone*, LLC, 3:15-CV-05240-JRC, 2016 WL 524260, at *4 (W.D. Wash. Feb. 10, 2016).

In this case, there is clearly an actual controversy. Whether it is properly styled a copyright or misappropriation dispute is inapposite; BHL asserts that GSSI's use of its software violates BHL's intellectual property rights and GSSI argues that it does not. GSSI is "engaged in actual manufacture, use, or sale of the GSSI software" at the heart of this lawsuit, and, as a result, BHL has sued GSSI to enforce its rights and prevent GSSI from continuing this course of action. This is more than enough to satisfy the reasonableness-of-suit test, which is only one of a number of ways to show jurisdiction post-*MedImmune*. *See Streck, Inc. v. Research &*

*Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012) ("[I]n the wake of *MedImmune*, 'proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test" to establish jurisdiction.'" (quoting *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008))).

BHL contends that even if this Court determines there is an actual case or controversy, the Court's dismissal of GSSI's counterclaims should nevertheless stand because the Court lacks the authority to grant declaratory relief and properly exercised its discretion to dismiss the counterclaims. Doc. 167 at 9–10. The Court disagrees. In light of the actual controversy between the parties as to the genesis of GSSI's software, the Court can settle the dispute, and indeed it should:

> Although the district court is given the discretion, in declaratory judgment actions, to dismiss the case, there are boundaries to that discretion. "When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." Furthermore, the exercise of discretion must be supported by a sound basis for refusing to adjudicate an actual controversy.

*SanDisk Corp.*, 480 F.3d at 1383 (citations omitted). Accordingly, the Court vacates the portion of its prior Opinion and Order in which it dismissed Counts I-III of GSSI's counterclaims for a declaratory judgment that (1) GSSI software was independently created; (2) GSSI software is an original work; and (3) GSSI did not copy BHL software in creating GSSI Software.

## IV. Conclusion

For the foregoing reasons the Court hereby

**ORDERS** that GSSI's Motion for Reconsideration is **GRANTED**. The Court modifies its March 29, 2016 Opinion and Order and now denies BHL's Motion to Dismiss as to GSSI's declaratory-judgment claims for copyright non-infringement (Counts I-III).

SIGNED at Houston, Texas, this 29th day of March, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE