United States District Court
Southern District of Texas
**ENTERED**
March 30, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BHL BORESIGHT, INC., *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00627 |
| | § | |
| GEO-STEERING SOLUTIONS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced matter are Geo-Steering Solutions and Geo-Steering Solutions USA's (collectively, "GSSI") Motion for Partial Summary Judgment of No Trade Secrets, Doc. 185, and Plaintiff BHL Boresight, Inc.'s ("BHL") Motion for Continuance Under Rule 56(d) Regarding GSSI Defendants' Motion for Partial Summary Judgment, Doc. 206. Having considered the Motions, Response, Reply, Sur-Reply, and relevant law, the Court grants BHL's Motion and denies GSSI's Motion.

### I.        Background

This case arises from the parties' dispute over the genesis of GSSI's geo-steering software. BHL filed suit against GSSI and Defendant Statoil alleging that Defendants misappropriated confidential and proprietary software that constitutes trade secrets when GSSI and Statoil accessed and used BHL's geo-steering software to develop GSSI's competing software. *See* Doc. 1. On August 29, 2016, Magistrate Judge Stacy granted BHL's Motion for Leave to File First Amended Complaint and Add Additional Parties. Doc. 208. BHL filed its First Amended Complaint the same day, adding five additional parties to the litigation. Doc. 209.

In its Motion for Partial Summary Judgment, GSSI argues it is entitled to summary judgement on BHL's trade-secret claims because BHL failed to make the required reasonable

efforts to protect its alleged trade secrets, thereby precluding it from recovery on those claims. Doc. 185. BHL responds to GSSI's Motion with its Motion for Continuance Under Rule 56(d). *See* Doc. 206. In its Motion, BHL argues that because GSSI moved to stay depositions in this case, BHL has been unable to fully discover the material facts necessary to rebut GSSI's Motion. *Id.* BHL urges that whether it exercised reasonable efforts to maintain the secrecy of its trade secrets is "an inherently factual inquiry," and, therefore, it must be allowed to depose key witnesses and obtain additional discovery before it can adequately respond. *Id.* BHL lists a number of these "key witnesses"—four of whom are additional Defendants added to this case by BHL's First Amended Complaint. *See* Doc. 209.

## II.      Legal Standard

Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

 "Rule 56(d) motions are 'broadly favored and should be liberally granted.'" *Kean v. Jack Henry & Assocs., Inc.*, 577 Fed. App'x 342, 348 (5th Cir. 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Nevertheless, in order for continuance to be warranted, "[t]he Rule 56(d) movant 'must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561.)

## III.     Analysis

To begin, the Court notes that GSSI is mistaken in urging that this Court must deny BHL's Motion for Continuance because it did not comply with the Federal Rules. GSSI argues

that BHL's Motion is procedurally flawed because it was filed without the Court's prior approval and failed to include the required affidavit or declarations. Doc. 224. However, BHL's Motion was filed on August 24, 2016—two days before a response to GSSI's Motion for Partial Summary Judgment was due—and included declarations from two of its principals specifically disclosing the information in BHL's possession. *See* Doc. 206. BHL's Motion further explained how this information was insufficient to respond to GSSI's Motion and listed what it expected to glean from discovery and how such information would support its case. *See id.* Accordingly, the Court rejects GSSI's arguments for denial and turns to the merits of BHL's Motion.

In its Motion for Continuance, BHL is correct to note that GSSI moved to stay all deposition testimony and scheduling deadlines in this case. *See* Doc. 92. In light the number of motions pending at the time the Court took up GSSI's Motion to Stay, this Court granted GSSI's request on March 30, 2016. Doc. 138. Over four months later, GSSI then filed its pending Motion for Partial Summary Judgment. Doc. 185. Nevertheless, the parties' discovery disputes continue unabated.

On March 25, 2017 Magistrate Judge Stacy denied BHL's Motion to Lift Suspension of Depositions, Doc. 244, because there was "no appreciable change in circumstances since the District Court entered its March 30, 2016, Order." Doc. 370. As of now, a number of discovery disputes as well as challenges to the First Amended Complaint (specifically to the Court's jurisdiction over a number of Defendants) remain pending. Accordingly, the Court concludes that GSSI's Motion is premature.  As this Court recognized in a similar situation: "[a]ttempting to adjudicate this issue while potentially relevant discovery disputes are ongoing could well become an exercise in inefficiency and futility." *Robert Half Int'l, Inc. v. Burlingame*, 4:12-CV-2621, 2013 WL 3480834, at *3 (S.D. Tex. July 9, 2013).

**IV.      Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that BHL's Motion for Continuance, Doc. 206, is **GRANTED**. It is further

**ORDERED** that GSSI's Motion for Partial Summary Judgment, Doc. 185, is **DENIED**

**WITHOUT PREJUDICE** to GSSI to summarily reurge its Motion at a later date.

SIGNED at Houston, Texas, this 30th day of March, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE