UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BHL BORESIGHT, INC., *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-00627 |
| GEO-STEERING SOLUTIONS, INC., *et al*, | § § § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause are Plaintiff BHL Boresight, Inc.'s ("BHL") Opposed Motion for Post-Appearance Default Judgment Against Darrell Joy ("Joy"), or Alternatively, for Order Requiring Defendant Joy to File Answer, Doc. 312, and Defendant Joy's Opposed Motion for Extension of Time to File Answer, Doc. 318. Having considered the Motions, Responses, Replies, and the relevant law, the Court denies BHL's Motion and grants Joy's.

**I.     Background**

Joy is a Canadian citizen, Doc. 233 at ¶ 9, and one of the principals of Defendants Geo-Steering Solutions, Inc. and Geo-Steering Solutions USA, Inc. (collectively, "GSSI Defendants"), Doc. 75 at 1. Despite Joy's position, when BHL initiated this suit in March 2015 it only brought claims against GSSI Defendants and Statoil Gulf Services, LLC ("Statoil"). *See* Doc. 1. After discovery revealed Joy and Defendant Neil Tice "directed and instructed Byron Molloy . . . to copy Boresight's Software," however, BHL filed its Motion for Leave to File First Amended Complaint and Add Additional Parties on December 1, 2015. Doc. 75 at 1–2. Magistrate Judge Stacy granted BHL's Motion on August 29, 2016, Doc. 208, and Joy and his

codefendants were thrust into the center of this acrimonious intellectual-property dispute.

Although the court issued summons for Joy and several of his codefendants soon after, at this point only Zaza has been served. Doc. 228. *See generally*, Docket of proceedings, 4:15-cv-00627. Nevertheless, after the First Amended Complaint ("FAC") became the operative pleading, each of Joy's codefendants quickly filed motions attacking the FAC under Rules 12(b)(1) and 12(b)(6). *See* Docs. 230, 232, 246, 253, 259. Joy did not join in these challenges.

On October 20, 2016, however, Joy joined in GSSI's Motion for Reconsideration of the Court's prior Opinion and Order granting BHL's Ex Parte Motion for Protection. Doc. 270. In this Motion, Joy attempted to cabin his participation by stating:

> Boresight has added Darrell Joy as a party to this litigation. Mr. Joy has not been served and is not before this court in his personal capacity; however, Mr. Joy is an officer of GSSI and since this Court's prior order affects due process considerations for both GSSI and its officers, Mr. Joy joins in this motion with GSSI.

Doc. 270 at 1 n.1. After this, Joy made no further effort to participate in the case.

On December 7, 2016, BHL then filed the instant Motion for Post-Appearance Default Judgment, arguing that Joy's participation in the Motion for Reconsideration brought him within the Court's jurisdiction despite the fact that he has yet to be served. Doc. 312. Joy responded to BHL's Motion on December 8, 2016, by filing his Response in Opposition, Motion for Extension of Time to File Answer, and Motion to Dismiss. Docs. 317–19. The parties' motions are now ripe. Because the Court takes up all of Defendants Motions to Dismiss in a separate order, however, only the Motion for Default Judgment and Motion for Extension are addressed herein.

## II. BHL's Motion for Default

In its Motion for Default Judgment, BHL argues that by participating in the Motion for

Reconsideration, Joy sought affirmative relief from the Court, thereby making his participation a general appearance. Doc. 312. Accordingly, BHL seeks an entry of default judgment against Joy, or in the alternative, an order from this Court requiring Joy to file an answer. *Id.* In his Response, Joy argues that because he filed a Motion to Dismiss, BHL's Motion for Default is moot because Fed. R. Civ. P. 55(a) mandates that "there can be no entry of default unless the defendant has 'failed to plead *or otherwise defend*' against the allegations against him." Doc. 319 at 1.

Federal Rule of Civil Procedure 55 allows a party to seek a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." When a defendant fails to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure a default occurs. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff may then apply to the court for a default judgment. Fed. R. Civ. P. 55(a)(b)(2). Until the Court obtains personal jurisdiction over the Defendants by way of service, however, "the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) (citing *Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987)). Thus, a defendant's duty to defend a suit does not arise until he has been served with process and properly brought before the court. *Broadcast Music*, 811 F.2d at 282. If a defendant is improperly served and the district court thereby fails to acquire in personam jurisdiction, then a subsequent default judgment is void. *Rogers*, 167 F.3d at 940.

Service of process and personal jurisdiction may be waived by a party. *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1140 (5th Cir. 1980). One such way an individual may waive either and submit to the jurisdiction of the court is by general appearance. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S. Ct. 2099, 2105, 72

L. Ed. 2d 492 (1982). "A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). "In determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1340 (5th Cir. 1996) (citation omitted).

An appearance in an action generally involves some presentation or submission to the court and may result from the filing of an answer without raising jurisdictional defects. *Louisiana ex rel. Dept. of Transp. & Dev. v. Kition Shipping Co., Ltd.*, CIV.A. 08-452-A-M2, 2009 WL 1664621, at *4 (M.D. La. May 4, 2009), *vacated in part*, 653 F. Supp. 2d 633 (M.D. La. 2009). "An appearance may also arise by implication 'from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to [the] plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court.'" *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985) (citations omitted).

In considering BHL's Motion, the threshold question is whether Joy's participation in GSSI's Motion for Reconsideration constitutes an appearance. The Court concludes that it does. When Joy joined in GSSI's Motion for Reconsideration he was clearly seeking relief (other than contesting jurisdiction) from the Court that was beneficial to him. Accordingly, he waived service of process and brought himself within the Court's jurisdiction on October 20, 2016. Whether his participation on that date warrants an entry of default judgment against him, however, is a separate question.

"The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural

maneuver." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Thus, default judgments are "only appropriate where there has been a clear record of delay or contumacious conduct," *Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir. 1978) (citations omitted), such as "when the adversary process has been halted by an essentially non-responsive party," *Sun Bank*, 874 F.2d at 276 (citation and internal quotation marks omitted). Because a defendant is entitled to an opportunity to present a defense before suffering a default judgment, if the defendant has made an appearance sufficient to show the plaintiff the defendant's intention to defend, default judgment is inappropriate. *Nava v. RM Detailing, Inc.*, CIV A H-06-1172, 2007 WL 207291, at *1 (S.D. Tex. Jan. 23, 2007) (collecting cases).

Importantly, the fact that a defendant is technically in default does not entitle a plaintiff to a default judgment as a matter of right. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citation omitted). Rather, the entry of default judgment is committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (3d ed. 1998)). District courts consider six factors when deciding whether to grant a default judgment: (1) whether the default was caused by a good-faith mistake or excusable neglect; (2) whether there has been substantial prejudice; (3) the harshness of a default; (4) whether there are material issues of fact; (5) whether grounds for a default judgment are clearly established; and (6) whether the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing Miller, et al., *Federal Practice & Procedure* § 2685 (2d ed. 1983)).

Here, the Court concludes that the balance of factors does not weigh in favor of a default judgment. Although Joy did not answer the FAC after he appeared on October 20, 2016, the Court believes his failure to do so was excusable. Moreover, by joining the Motion for Reconsideration, he made his intention to defend the case against him apparent to BHL. Nor does the Court believe that not granting BHL's Motion will cause it substantial prejudice. It is still early in the proceedings, discovery has been stayed, and there are a number of dispositive motions pending before the Court. Indeed, a default judgment would be unnecessarily harsh in these circumstances and the Court is of the opinion that it would be obligated to set aside the default at a later date. Accordingly, BHL's Motion for Default is denied.

### III. Joy's Motion to Extend

Joy asks this Court to extend the time to answer BHL's FAC "until 14 days after notice of the Court's disposition of Joy's pending Rule 12(b)(6) motion." Doc. 318 at 2. Joy asserts that "good cause exists because this limited extension of time to answer will eliminate the need for duplicative pleadings and streamline the issues for discovery." *Id.* at 3. Joy also argues that his Motion to Extend is warranted because "[u]nder Fed. R. Civ. P. 12(a)(4)(A), serving 'a motion' to dismiss extends the time for a party to file a responsive pleading until '14 days after notice of the court's action' on that motion." *Id.* In response, BHL renews the arguments that it presented in its Motion for Default Judgment, namely that the deadline for Joy to answer or otherwise defend has long passed and he should not be afforded any further extensions of time. Doc. 329 at 1–2.

Under Rule 6(b) the Court may extend deadlines "for good cause." Fed. R. Civ. P. 6(b). After the expiration of a specified period, the deadline may be extended upon motion by a party and a showing of "excusable neglect." *Id.* "Although inadvertence, ignorance of the rules, or

mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993) (citations omitted). Whether the movant's neglectful conduct is excusable involves an equitable determination. *Id.* The courts consider a number of factors in making this determination. *Id.* These factors include the danger of prejudice to the nonmoving party, the length of delay and the delay's potential impact on the judicial proceedings, the reason for the delay, including whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

In this case, the Court believes that the factors weigh in favor of a finding of no excusable neglect. Joy's Motion for Extension presents no prejudice to BHL and occurred relatively early in the litigation. At the current stage, the continued participation of a number of parties and the viability of the amended claims contained in the FAC are in question. Accordingly, the Court agrees with Joy that "[t]his limited extension of time will streamline discovery, simplify future proceedings, and promote judicial efficiency." Doc. 318 at 1. Joy's Motion for Extension is, therefore, granted.

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that BHL's Motion for Post-Appearance Default Judgment, or Alternatively, for Order Requiring Defendant Joy to File Answer, Doc. 312, is **DENIED**. It is further

**ORDERED** that Defendant Joy's Opposed Motion for Extension of Time to File Answer, Doc. 318, is **GRANTED**.

SIGNED at Houston, Texas, this 19th day of April, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE