UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BHL BORESIGHT, INC., *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00627 |
| | § | |
| GEO-STEERING SOLUTIONS, INC., *et al*, | § § | |
| Defendants. | § § | |

## ORDER AND OPINION
## AFFIRMING MAGISTRATE JUDGE'S ORDERS

Pending before the Court in the above-referenced proceeding is Movant Geo-Steering Solutions, Inc., Geo-Steering Solutions USA, Inc., Darrell Joy, and Neil Tice's (collectively "GSSI") Objections to the Magistrate Judge's Orders, which denied GSSI's Motion to Compel Production of BHL Source Code, Doc. 415; the Magistrate's Orders, Docs. 410 & 414; BHL Boresight, Inc.'s ("BHL") Response, Doc. 417, and GSSI's Reply, Doc. 418. Upon review, the Court overrules GSSI's objections and affirms the Magistrate Judge's orders.

The facts of this case are not repeated here, but are detailed in earlier opinions.

Magistrate Judge Stacy held that the source code of the disputed software is irrelevant for two reasons: (1) BHL "has made no claim" nor does it intend to assert a claim "on any copying by Defendants of its source code," Doc. 410, and (2) "[n]either the Boresight software nor BHL's source code are the subject of registered copyrights that could even be asserted against Defendants," Doc. 414.

In its objections to the Magistrate Judge's Orders above, GSSI asserts that the Magistrate Judge erred (1) because GSSI's copyright counterclaims "stand alone" whether or not BHL intends to bring a copyright claim; and (2) because this Court has "held that a copyright

registration is not required for a declarant to bring a declaratory judgment of no copyright infringement." Doc. 415 at 5–6. Thus, GSSI asserts that the "BHL Source Code is highly relevant evidence necessary to prove up the GSSI's Copyright Counterclaims." *Id*. at 4. And GSSI requests either that a fact-finder adjudicate the claim "based on the evidence," after production of the source code, or by BHL "stipulating to no copyright infringement." *Id*.

Whether this is a copyright dispute or a trade secrets dispute, the source code is not relevant. The record indicates that this software ownership dispute centers not around the source code, but on the presentation and appearance and other non-literal elements of the software. Because different source codes can arrive at the same non-literal elements, the Court affirms the Magistrate Judge's Order. GSSI does not require the software's source code to prove its Counterclaims. *See generally Abarca Health, LLC v. PharmPix Corp.*, 806 F. Supp.2d 483, 491 (D. Puerto Rico, 2011) (denying production of source code because a party does not need the source code to examine similarities between non-literal elements of the software). Accordingly, the Court hereby

**OVERRULES** GSSI's Objections to the Magistrate's Orders, Doc. 415, and **AFFIRMS** the Magistrate Judge's Orders, Docs. 410 & 414.

SIGNED at Houston, Texas, this 27th day of June, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE