IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BHL BORESIGHT, INC., *Plaintiff,* | § § § § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-00627 |
| GEO-STEERING SOLUTIONS, INC., *et al.*, *Defendants.* | § § § § | |

# ORDER

**A.   Abuse of Process Counterclaims**

Plaintiff's Motion to Dismiss Counterclaims (Doc. No. 439) filed by Darrell Joy and Neil Tice based upon allegations of abuse of process is granted. To succeed on a claim of abuse of process, one must allege and prove the alleged perpetrator: 1) made an illegal, improper, or perverted use of process; 2) had an ulterior motive in so acting; and 3) damaged the claimant as the result of the alleged illegal act. *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 124–25 (5th Cir. 2017). The process must compel a person to do something he/she was not otherwise compelled to do. *Detenbeck v. Koester*, 886 S.W.2d 477, 480 (Tex.App.– Houston [1st Dist.] 1994, no writ).

None of those factors exist in this case. The basis for the counterclaim is that for various reasons—primarily connected to a companion criminal investigation—Plaintiff's counsel or preceding counsel:

    a.    met with the United States Attorney's Office to persuade them to investigate Defendants (which ultimately caused Defendants' Nexus accounts to be revoked);

    b.    on multiple occasions filed sealed documents in this case in an *ex parte* fashion; and

  c.  that Plaintiff sought and received favorable discovery rulings in which this Court's predecessor found the information sought to be privileged.

To start, none of these allegations involve any form of legal (or illegal) process. Therefore, Plaintiff could not have "made an illegal, improper, or perverted use of process"; nor could plaintiff have had "an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process." Defendants have not alleged, nor could they have alleged, two of the critical elements of a claim of abuse of process.

That being the case, this Court grants the Motion to Dismiss (Doc. No. 439) the counterclaims found in Defendant Neil Tice's Original Answer and Defenses to Plaintiff's First Amended Complaint and Original Counterclaim (Doc. No. 434) and found in Darrell Joy's Original Answer and Defenses to Plaintiff's First Amended Complaint and Original Counterclaim (Doc. No. 433).

**B. Motion to Compel Depositions of Defendants Joy and Tice [Doc. No. 454] and Supplement Thereto [Doc. No. 455].**

Plaintiff has filed a motion to compel the depositions of Defendants Darrell Joy and Neil Tice. Defendants' counsel has refused to provide either gentleman for deposition. The basis of the refusal is that there is still an ongoing criminal investigation concerning the pre-suit conduct of the Defendants. Plaintiff does not deny the existence of this investigation. While Defendants raise the fact that neither putative deponent has been subpoenaed, this Court will presume that counsel are trying to schedule depositions in an orderly and professional manner—so this Court finds this issue ripe—despite the lack of having the witnesses subpoenaed.

Defendants' response is much more exhaustive than a mere matter of deposition scheduling. It is more in tune with a motion to stay until October 22, 2019—the date

limitations run on any possible criminal prosecution. They argue that the pending criminal prosecution compels and/or necessitates both Joy and Tice to claim the protection of the Fifth Amendment protections against self-incrimination. Case law establishes that a civil lawsuit does not circumvent or compel a witness to waive those protections.

Both sides agree that the issues involved in resolving this dispute are:

1. the extent to which the issues in the criminal case overlap with those in the civil;
2. the status of the case (have the defendants been indicted);
3. the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to the plaintiff in waiting;
4. the private interest and burden on the defendants;
5. the interests of the courts; and
6. the public interest.

*Alcala v. Texas Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) and the cases cited therein.

Plaintiff claims the factors fall in their favor as they will be prejudiced by the delay but cite no specific example other than the age of the case. They claim the Defendants (Joy and Tice) will not be harmed because they have yet to be indicted. Finally, they argue that the best interests of the Court and the public weigh against postponing this case given its age.

Defendants counter by arguing that the factors actually weigh in their favor. They concede that they have not been indicted, but emphasize they have a reasonable risk of self-incrimination and that the risk is not illusory. They claim any delay will not harm Plaintiff. More importantly, they emphasize the imbalance created by the unique aspects of this case. First, they allege, with some basis, that Plaintiff instigated or has at least participated in the criminal investigation. As such, it caused or at least contributed to this procedural quandary. Moreover, Defendants claim quite correctly that Plaintiff has throughout this steadfastly fought all attempts by Defendants to gain information about the criminal investigation

through discovery. While this Court is not assigning blame or implying wrongdoing, it does note that since being assigned this case, the criminal investigation is a topic that has permeated almost every dispute.

Finally, Defendants claim that both the interests of the Court and of the public would benefit from a stay. The Court benefits by a stay, according to the Defendants, since otherwise it will be burdened by having to resolve thorny Fifth Amendment questions. According to the Defendants, the public benefits as well because the public always has an interest in the protection of an individual's constitutional rights.

This Court finds merit in both positions. This Court is always concerned with the prompt resolution of all cases—even complicated cases like this one. Nevertheless, this Court has reviewed the file governing this case under its predecessor and clearly has direct knowledge of all the matters since this case was reassigned to the undersigned and the single most complicating factor has been the specter of the ongoing criminal investigation.

That being the case, this Court finds the factors favoring a stay outweigh the factors set out by Plaintiff; however, the Court finds no need to stay all discovery. Production of documents can continue. Depositions of third-party witnesses can certainly continue. Depositions of fact witnesses can continue.

This Court rules, to the extent the discovery discussed below has not already occurred, that the depositions of Darrell Joy and Neil Tice are stayed. These gentlemen shall be presented for their depositions the week of October 28, 2019. The depositions of the corresponding individuals (principals) of Boresight are likewise stayed. To the extent they have not already been taken, they shall be presented for their depositions the week of November 4, 2019. Counsel are hereby forewarned that these witnesses shall be made

available during these time periods. The Court is issuing a new scheduling order. (See Attachment "A"). This schedule is clearly workable. This ruling delays the trial less than 60 days while it protects the constitutional rights of all involved. Counsel should note that the new scheduling order changes the deadline for naming experts. Counsel are forewarned that the window for naming and deposing experts is short and should make sure of an individual's availability before naming them.

C. **Defendants' Motion to Lift Confidentiality Designation from BHL's Trade Secrets Memorandum [Doc. No. 446].**

Defendants have filed a motion to lift the confidentiality designation from BHL's Trade Secret Memorandum (Doc. No. 446). Plaintiff has opposed this change. (Doc. No. 449). This Court has reviewed both the motion and response and the memorandum in question. It denies the motion without prejudice. This Court's predecessor set in place certain discovery/access limitations to protect confidentiality of certain information while allowing parties to pursue this case to an orderly conclusion.

This Court sees no pressing need to change the plan that is in place. Therefore, this Court denies the motion (Doc. No. 446).

D. **Conclusion**

The Court grants the Plaintiff's Motion to Dismiss the counterclaims filed by Defendants (Doc. No. 439). The Court denies Plaintiff's Motion to Compel the depositions of Defendants Joy and Tice (Doc. No. 454) and it grants in part and denies in part Defendants' Cross Motion to Stay (Doc. No. 456). It amends the current docket control order and institutes the deadlines contained in the Amended Scheduling Order, which the Court is

issuing in a separate order. Finally, it denies without prejudice the Motion to Lift the Confidentiality Designation from BHL's Trade Secret Memorandum (Doc. No. 446).

SIGNED at Houston, Texas this 22nd day of January, 2019.

Andrew S. Hanen
United States District Court Judge